Filed 1/9/23  P. v. Harris CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NAOMI RENEE HARRIS,<br><br>    Defendant and Appellant. | D080334<br><br><br>(Super. Ct. No. SCD284682-01) |

APPEAL from a judgment of the Superior Court of San Diego County, Rachel Cano, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Naomi Renee Harris was charged with three counts of child endangerment (Pen. Code, § 273a, subd. (a),[1] counts 1–3), disobeying a court

---

[1]    Subsequent undesignated statutory references are to the Penal Code.

order (§ 166, subd. (a)(4), count 4), and child cruelty (§ 273a, subd. (b), count 5). The information filed against Harris also alleged she had a prior strike conviction under section 667, subdivisions (b) through (i). The charges arose from allegations that Harris left her two young children, ages five years old and just under six months old, home alone for extended periods of time over the course of several days. The home was also alleged to be unsafe and unsanitary.

Thereafter, Harris entered a plea agreement and pled guilty to counts 1 and 2 as misdemeanors under section 17, subdivision (b). The trial court granted Harris probation for one year and awarded her 100 days of actual custody credits and 100 days of conduct credits. The trial court also imposed a $250 fine, which it deemed satisfied by Harris's custody credits. In addition, the court entered a criminal protective order granting the dependency court authority to control Harris's visitation rights with the children.

Harris appealed from the judgment.[2]

DISCUSSION

Appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating he identified no reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record as mandated by *Wende*. We offered Harris the opportunity to file her own brief on appeal, but she did not respond.

Pursuant to *Anders v. California* (1967) 386 U.S. 738, appointed counsel identified the following possible issue to assist this court in our

---

[2]    On advice of Harris's appointed counsel, the appeal was initially dismissed as untimely and for lack of jurisdiction. After additional information was presented by counsel, the appeal was reinstated and deemed timely under the authority of *In re Benoit* (1973) 10 Cal.3d 72.

review of the record:  Whether the trial court established an adequate factual basis when it accepted Harris's guilty pleas.  Our independent review of the record as mandated by *Wende* and *Anders*, including the possible issue referred to by counsel, disclosed no reasonably arguable appellate issues. Competent counsel represented Harris on this appeal.

DISPOSITION

The judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


IRION, J.